**Kathy FLOYD, individually and as parent and next friend of Trevor Coleton Craven, minor child, Plaintiffs,**

v.

**QUINTON PUBLIC SCHOOLS, and J. David Smith, Principal of Quinton Public Schools, Defendants.**

**No. 06 CV 046 WH.**

United States District Court, E.D. Oklahoma.

June 29, 2006.

Brian R. McLaughlin, McLaughlin & Associates, Stigler, OK, for Plaintiff.

Kent B. Rainey, Rosenstein Fist & Ringold, Tulsa, OK, for Defendants.

WHITE, District Judge.

### Order

Before the Court are Defendant Quinton Public Schools' ("Defendant School District's") motion to dismiss Plaintiffs' state tort claims or alternatively for summary judgment [Docket No. 7] and Defendant J. David Smith's ("Defendant Smith's") motion to dismiss Plaintiffs' state tort claims [Docket No. 9]. Both motions will be granted. Plaintiffs' state tort claims are dismissed against both Defendant School District and Defendant Smith.

### State Tort Claims Against School District

Oklahoma's Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151, *et seq.*, governs actions against the state of Oklahoma and its political subdivisions. Section 156(B) requires claims against the state or any subdivision to be presented to the state or subdivision within one year after the loss occurs. Defendant School District does not dispute that Plaintiffs met this deadline. Section 157(A) provides that a claim is deemed denied if the state or subdivision does not approve it within ninety (90) days.[1] Section 157(B) requires an action to be brought within one hundred eighty (180) days after the denial of a claim.

Plaintiffs served a notice of tort claim upon Defendant School District on January 28, 2005. Under Oklahoma's Governmental Tort Claims Act, if Defendant School District failed to approve the claim within 90 days, by April 28, 2005, it was then deemed denied. Plaintiffs then had 180 days, until October, 25, 2005, to commence an action. The Oklahoma Supreme Court has stated: "An appeal time's trigger—like the time to bring a public-law tort suit—is governed by *statutory time limits.* Once an appealable event has occurred, a trial judge is utterly without authority to extend the appeal time by any means or in any manner, direct or oblique." *Bivins v. State ex rel. Oklahoma Memorial Hospital,* 917 P.2d 456, 464 n. 34 (Okla.1996) (emphasis in original).

After Plaintiffs' January 28, 2005 notice, however, Defendant School District sent Plaintiffs a letter, dated February 2, 2005, requesting more information and attempting to meet with Plaintiffs. Plaintiffs responded with the requested information on February 17, 2005, and an interview was completed on April 25, 2005. On or about June 16, 2005, Defendant School District's agent offered Plaintiffs a settlement that Plaintiffs then rejected.

Citing *Bivins,* Plaintiffs claim that because of the February 2, 2005 letter and subsequent negotiations, the claim was not deemed denied by Defendant School District until June 16, 2005. The Oklahoma

---

1. Of note, section 157(A) also provides that "settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision."

Supreme Court ruled in *Bivins* that when the government requests more information because a claim is perceived as deficient or flawed, the 90–day period is "arrested or erased" and does not start to run again until the information is supplied (within a reasonable or stated time). *Id.* at 463. The tolling of the 90–day period is based on the notion that the claim is not completed until the governmental entity has all of the information it needs to evaluate the claim and because of the *"government's perceived need* for more time to evaluate the completed information about a claim." *Id.* at 463 (emphasis in original).

As Defendant School District points out, Plaintiffs ignore the fact that *Bivins* includes the statement that "a public agency is not without means to protect itself from an open-ended effect which may flow from an initial notice (found deficient) that is to be supplemented at the agency's request." *Id.* at 464. In the February 2, 2005 letter, Defendant School District's agent clearly stated: "My attempt to meet with you and your client and to investigate this matter are not intended to waive any of [the] statutory exemptions *from liability or time* limitations imposed by the Oklahoma Tort Claims Act." The Court believes that this statement satisfies the requirements in *Bivins*,[2] and thus the February 2, 2005 request for further information, the February 17, 2005 delivery of the requested information and the April · 25,

2005 requested interview did not "arrest" the 90–day period. Furthermore, as noted above, section 157(A) provides that "settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision." Thus, the settlement offer on June 17, 2005 did not extend the date of denial.

Consequently, Plaintiffs' state tort claims were forever barred by Oklahoma's Governmental Tort Claims Act after October 25, 2005. As the *Bivins* court recognized, this Court is without authority to extend the time for Plaintiffs to file the action, and thus Plaintiffs' state tort claims are dismissed.

### State Tort Claims Against Smith

Section 153 and 163(C) of Oklahoma's Governmental Tort Claims Act make clear that the state or subdivision will be liable for any losses resulting from torts of its employees acting within the scope of their employment. Section 163(C) specifically states that an employee acting within the scope of his employment shall not be named as a defendant. Plaintiffs stated in their petition that Defendant Smith, "while acting in his official capacity," caused injury. The statute is clear. Plaintiffs' state tort claims against Defendant Smith are dismissed.

---

**2.** The *Bivins* court added that a public agency may "(a) direct that supplemental information must be received on or *before* a stated date and (b) make it clear that if neither submission nor satisfactory explanation is timely made, the deficient claim's notice will stand denied at the end of the initially triggered 90–day period or *at some other date that follows* the deadline for submission of supplemental data." *Id.* at 464 (emphasis in original). The Court does not believe that the *Bivins* court intended this to be the *only* option available to a public agency to protect itself, but rather

one option. While the statement included in Defendant School District's letter does not state a date on or before which the additional information must be received, it is clear in its intent to maintain the initial 90–day period, accomplishing the end of protecting the public agency from the open-ended effect. The statement alerted the Plaintiffs that the Defendant School District, while requesting further information, was not in need of additional time to evaluate the claim and that the claim would be evaluated within the 90–day period with or without the additional information.

*Conclusion*

Accordingly, Defendant Quinton Public Schools' motion to dismiss Plaintiffs' state tort claims or alternatively for summary judgment [Docket No. 7] and Defendant J. David Smith's motion to dismiss Plaintiffs' state tort claims [Docket No. 9] are hereby GRANTED.